UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RANDY CLIFFORD SKIVER,

                                   Plaintiff,

              -vs-                                 12-CV-899-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                                   Defendant.

_____

APPEARANCES:          RANDY CLIFFORD SKIVER, *PRO SE*

                          WILLIAM J. HOCHUL, JR.
                          United States Attorney, Western District of New York
                          (RICHARD D. KAUFMAN, AUSA, of Counsel)
                          United States Attorney's Office
                          Buffalo, New York
                          Attorneys for Defendant.

       This matter has been transferred to the undersigned for all further proceedings, by order of Chief United States District Judge William M. Skretny dated November 14, 2013 (Item 17).

       Plaintiff Randy Clifford Skiver initiated this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to review the final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") benefits, as provided for in Title XVI of the Social Security Act, 42 U.S.C. § 1381

---

[1]At the time this action was filed, Michael J. Astrue was the Commissioner of Social Security.  On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security, and is hereby substituted as the defendant in this action, pursuant to 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."), and Rule 25(d) of the Federal Rules of Civil Procedure.  For continuity, the court will herein refer to Acting Commissioner Colvin as "Commissioner."

*et seq.* The Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, the Commissioner's motion is granted.[2]

## BACKGROUND

Plaintiff filed an application for SSI benefits with the Social Security Administration ("SSA") on March 26, 2009, alleging disability beginning February 18, 2009 (Tr. 196, 265-68).[3] The application was administratively denied by the SSA on August 4, 2009 (Tr. 199-206). Plaintiff requested a hearing, which was held on April 5, 2011, before Administrative Law Judge ("ALJ") Stanley A. Moskal, Jr. (Tr. 162-82). Plaintiff appeared at the hearing and testified, and was represented by counsel.

On July 20, 2011, ALJ Moskal issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act (Tr. 14-24). The ALJ determined that plaintiff had severe borderline intellectual functioning, hearing loss, and depression, but that these impairments, considered singly or in combination, did not meet or equal the severity of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ then determined that, based on the medical evidence and hearing testimony in the record, and considering plaintiff's age, education, work experience, and

---

[2]Also pending on the court's docket is the Commissioner's motion (Item 16), filed upon lapse of funding for Department of Justice operations at the end of September 2013, to stay proceedings in the case until 30 days after resumption of the Department's civil litigative functions. Government appropriations having been restored, and the 30-day period having passed, the motion for stay of proceedings is therefore denied as moot.

[3]Parenthetical numeric references preceded by "Tr." are to pages of the administrative transcript filed by the Commissioner as part of the answer in this action (Item 6). Plaintiff also filed a prior application for SSI on August 22, 2006, alleging disability beginning April 19, 2006. Tr. 30-32. This application was denied by decision dated February 17, 2009, following a hearing before ALJ Bruce R. Mazzarella. Tr. 108-61, 183-95.

residual functional capacity ("RFC") to perform a full range of work at all exertional levels (with certain nonexertional limitations), there were a significant number of jobs in the national economy that plaintiff could perform.  Upon consideration of the "framework" of Section 204.00 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "Grids"), the ALJ determined that a finding of "not disabled" was appropriate, and that plaintiff therefore had not been under a disability since the filing date of March 26, 2009.  This determination became the final decision of the Commissioner on July 17, 2012, when the Appeals Council denied plaintiff's request for review (Tr. 1-6).

Plaintiff filed this action *pro se* on September 21, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's determination (*see* Item 1).  The Commissioner filed an answer (Item 6) along with a copy of the administrative transcript, and subsequently moved for judgment on the pleadings pursuant to Rule 12(c) (Item 11).

For the reasons that follow, the Commissioner's motion is granted.

## DISCUSSION

### I.    Scope of Judicial Review

The Social Security Act provides that, upon district court review of the Commissioner's decision, "[t]he findings of the Commissioner … as to any fact, if supported by substantial evidence, shall be conclusive …."  42 U.S.C. § 405(g). Substantial evidence is defined as evidence which "a reasonable mind might accept as adequate to support a conclusion."  *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938), *quoted in Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).  The substantial evidence test applies not only

to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts. *Giannasca v. Astrue*, 2011 WL 4445141, at *3 (S.D.N.Y. Sept. 26, 2011) (citing *Rodriguez v. Califano*, 431 F. Supp. 421, 423 (S.D.N.Y. 1977)).

Under these standards, the scope of judicial review of the Commissioner's decision is limited, and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson*, 402 U.S. at 401; *see also Cage v. Comm'r of Soc. Servs.*, 692 F.3d 118, 122 (2d Cir. 2012). The court's inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982), *quoted in Winkelsas v. Apfel*, 2000 WL 575513, at *2 (W.D.N.Y. February 14, 2000).

However, "[b]efore the insulation of the substantial evidence test comes into play, it must first be determined that the facts of a particular case have been evaluated in the light of correct legal standards." *Klofta v. Mathews*, 418 F. Supp. 1139, 1411 (E.D.Wis. 1976), *quoted in Sharbaugh v. Apfel*, 2000 WL 575632, at *2 (W.D.N.Y. March 20, 2000); *see also Nunez v. Astrue*, 2013 WL 3753421, at *6 (S.D.N.Y. July 17, 2013) (citing *Tejada*, 167 F.3d at 773). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (citations omitted). Thus, the Commissioner's determination cannot be upheld when it is based on an erroneous view of the law, or misapplication of the regulations, that disregards highly probative evidence. *See Grey v. Heckler*, 721 F.2d 41, 44 (2d Cir. 1983); *see also Johnson v. Bowen*, 817 F.2d 983, 985

(2d Cir. 1987) ("Failure to apply the correct legal standards is grounds for reversal."), *quoted in McKinzie v. Astrue*, 2010 WL 276740, at *6 (W.D.N.Y. Jan. 20, 2010).

If the Commissioner's findings are free of legal error and supported by substantial evidence, the court must uphold the decision.  42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied ... the court shall review only the question of conformity with [the] regulations...."); *see Kohler*, 546 F.3d at 265.  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Even where there is substantial evidence in the record weighing against the Commissioner's findings, the determination will not be disturbed so long as substantial evidence also supports it.  *See Marquez v. Colvin*, 2013 WL 5568718, at *7 (S.D.N.Y. Oct. 9, 2013) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998) (upholding the Commissioner's decision where there was substantial evidence for both sides)).

## II.     Standard for Determining Eligibility for Disability Benefits

To be eligible for SSDI or SSI benefits under the Social Security Act, plaintiff must present proof sufficient to show that he suffers from a medically determinable physical or mental impairment "which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...," 42 U.S.C. § 423(d)(1)(A), and is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy...."  42 U.S.C. § 423(d)(2)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).  The Social Security regulations set forth a five-step process to be followed when a disability claim comes before an ALJ for evaluation of the claimant's eligibility for benefits.  *See* 20 C.F.R. §§ 404.1520, 416.920.  First, the ALJ must determine whether the claimant is presently engaged in substantial gainful activity.  If the claimant is not, the ALJ must decide if the claimant has a "severe" impairment, which is an impairment or combination of impairments that has lasted (or may be expected to last) for a continuous period of at least 12 months which "significantly limits [the claimant's] physical or mental ability to do basic work activities...."  20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* 20 C.F.R. §§ 404.1509, 416.909 (duration requirement).  If the claimant's impairment is severe and of qualifying duration, the ALJ then determines whether it meets or equals the criteria of an impairment found in the Listings.  If the impairment meets or equals a listed impairment, the claimant will be found to be disabled.  If the claimant does not have a listed impairment, the fourth step requires the ALJ to determine if, notwithstanding the impairment, the claimant has the residual functional capacity ("RFC") to performing his or her past relevant work.  Finally, if the claimant is not capable of performing the past relevant work, the fifth step requires that the ALJ determine whether the claimant is capable of performing other work which exists in the national economy, considering the claimant's age, education, past work experience, and RFC.  *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000); *Lynch v. Astrue*, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008).

The claimant bears the burden of proof with respect to the first four steps of the analysis.  If the claimant demonstrates an inability to perform past work, the burden shifts

to the Commissioner to show that there exists other work in the national economy that the claimant can perform. *Lynch*, 2008 WL 3413899, at *3 (citing *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999)). "In the ordinary case, the Commissioner meets h[er] burden at the fifth step by resorting to the applicable medical vocational guidelines (the grids), … [which] take into account the claimant's residual functional capacity in conjunction with the claimant's age, education, and work experience." *Rosa*, 168 F.3d at 78 (internal quotation marks, alterations and citations omitted). If, however, a claimant has non-exertional limitations (which are not accounted for in the Grids) that "significantly limit the range of work permitted by his exertional limitations then the grids obviously will not accurately determine disability status …." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (internal quotation marks and citation omitted). In such cases, "the Commissioner must 'introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the national economy which claimant can obtain and perform.' " *Rosa*, 168 F.3d at 78 (quoting *Bapp*, 802 F.2d at 603).

In this case, the ALJ found at step one of the sequential evaluation that plaintiff had not engaged in substantial gainful activity since March 26, 2009, his application date (Tr. 16). At step two, the ALJ found the medical evidence in the record sufficient to establish that plaintiff's borderline intellectual functioning, hearing loss, and depression were "severe" impairments within the meaning of the Social Security regulations, 20 C.F.R. § 416.920(c) (*id.*).

At step three, the ALJ determined that plaintiff's impairments did not meet or equal the severity of a listed impairment, specifically considering the criteria for mental

impairments under Listings 12.02 (organic mental disorders) and 12.04 (affective disorders) (Tr. 16-17). To satisfy the criteria of either of these Listings, the claimant must show (among other things) that his or her mental impairment results in at least two of the following:

1.  Marked restriction of activities of daily living;

2.  Marked difficulties in maintaining social functioning;

3.  Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere);

4.  Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02(B), 12.04(B) (Paragraph "B" criteria). A claimant can also satisfy the criteria of either Listing by presenting a medically documented history of a chronic affective disorder of at least two years' duration, and one of the following:

1)  Repeated episodes of decompensation, each of extended duration;

2)  A residual disease process resulting in such marginal adjustment that even a minimal increase in mental demands or change in the environment would cause the individual to decompensate;

3)  History of one or more years' inability to function outside a highly supportive living arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02(C), 12.04(C) (Paragraph "C" criteria).

With regard to Paragraph B criteria, ALJ Moskal determined that plaintiff's medical records revealed no restriction in activities of daily living; mild difficulties in social functioning; mild difficulties in concentration, persistence or pace; and no reported

episodes of decompensation of extended duration (Tr. 17).   The ALJ also found the medical evidence in the record insufficient to establish the presence of any of the Paragraph "C" criteria (*id.*).   Accordingly, the ALJ determined that plaintiff's mental impairments did not meet or equal the severity of Listings 12.02 or 12.04.

The ALJ then determined at step four of the sequential evaluation that plaintiff had the RFC to perform the full range of work at all exertional levels, limited to simple unskilled work, with no concentrated exposure to noise, vibration, or hazards (Tr. 18).   Because plaintiff had no past relevant work, the ALJ proceeded to step five, considering plaintiff's RFC, age (24), education (high school graduate), and work experience, in conjunction with the framework of Medical-Vocational Rule 204.00, and concluded that work existed in the national economy that Plaintiff could perform.   Tr. 23-24;  see 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 204.00.

These findings are supported by substantial evidence in the record.  For example, the ALJ referenced to the consultative psychiatric report of Thomas Ryan, Ph.D., who examined plaintiff on June 25, 2009.  Dr. Ryan reported that plaintiff had no significant limitations in the ability to follow and understand simple directions, perform simple tasks, maintain attention and concentration, and maintain a regular schedule (Tr. 415).  Plaintiff demonstrated a moderate limitation in the ability to learn new tasks, perform complex tasks, make adequate decisions, relate with others, and deal with stress (Tr. 416).

The record also contains the report of a cognitive and psychological evaluation of plaintiff performed on June 24, 2009, by Michael P. Santa Maria, Ph.D (Tr. 407-12).  Upon administering a full battery of neuropsychological tests, Dr. Santa Maria reported that plaintiff demonstrated borderline intellectual functioning with a psychiatric overlay.  He

recommended that plaintiff be referred to VESID (Vocational and Educational Services for Individuals with Disabilities) "to link him with employment and support in finding and transitioning to entry-level work" (Tr. 412).

The ALJ also referenced the report of reviewing state agency medical consultant Dr. M. Totin, dated July 31, 2009, indicating that plaintiff's medical records revealed no restriction in the activities of daily living; mild difficulties in social functioning and concentration/persistence/pace; and one or two episodes of decompensation (Tr. 439). Dr. Totin completed a mental RFC assessment of plaintiff indicating "moderate" limitations in the ability to understand and carry out detailed instructions, complete a normal work week without interruption, respond appropriately to criticism and changes, and set realistic goals (Tr. 443-44). The assessment indicated no "marked" limitation in any area of mental functioning (*id.*).

These reports provide support for the ALJ's determination that plaintiff failed to satisfy the criteria for mental impairments under Listings 12.02 and 12.04, as well as the finding that plaintiff had the residual functional capacity to perform simple unskilled work at all exertional levels, avoiding concentrated exposure to noise, vibration, and hazards. As indicated above, even though the record might contain substantial evidence weighing against the ALJ's findings, "the determination will not be disturbed so long as substantial evidence also supports it." *Marquez*, 2013 WL 5568718, at *7.

The also ALJ properly explained the weight given to the employability assessment of Dr. Clementia J. Lewis, one of plaintiff's treating sources, that plaintiff was "unable to work" as of May 13, 2010, due to indications of moderate or greater limitations in several areas of physical and mental functioning (Tr. 562). The Social Security regulations provide

that the medical opinion of a treating source is entitled to "controlling weight" as long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence in the record.   20 C.F.R. § 416.927(d)(2).   As explained by the Second Circuit, "[w]hile the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record.   Genuine conflicts in the medical evidence are for the Commissioner to resolve."   *Veino*, 312 F.3d at 588 (citations omitted).

Here, the ALJ properly declined to give controlling weight to Dr. Lewis' assessment, because the restrictions found by Dr. Lewis were not supported by the remainder of the medical evidence.   For example, Dr. Lewis indicated that plaintiff was "very limited" in walking, standing, lifting, carrying, pushing, pulling, bending, seeing, speaking, and climbing (Tr. 562).   However, as determined by the ALJ, and as confirmed by this court's review of the file, none of the observable symptoms reported in plaintiff's medical records approached the magnitude of the limitations indicated by Dr. Lewis in her assessment (Tr. 23).

The ALJ also properly assessed the credibility of plaintiff's subjective complaints of pain and other symptoms (Tr. 22-23).   Under the Social Security Act and regulations, a claimant's statements alone as to pain and other limitations are not conclusive evidence of disability.   Rather, there must be clinical signs, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities that could reasonably be expected to produce the pain alleged.   20 C.F.R. § 416.929(b).

Further, if a plaintiff alleges symptoms of greater severity than can be established by the objective medical findings, the ALJ will consider other evidence, including factors such as daily activities; the nature, extent, and duration of symptoms; and the treatment provided. 20 C.F.R. § 416.929(c)(3).

In this case the ALJ found that plaintiff's complaints of disabling symptoms and limitations were inconsistent with his descriptions of his daily activities, including walking one-half mile, washing dishes, doing laundry, cleaning, playing with his infant son, caring for pets, mowing the lawn, shopping, and lifting up to 20 pounds (*see* Tr. 175, 291, 293-96, 408). The ALJ further relied on plaintiff's report to Dr. Santa Maria that he enjoyed kicking a soccer ball with his niece, riding bicycles, listening to music, playing video games, and fishing (Tr. 408), and Dr. Santa Maria's comment regarding plaintiff's embellishment of his medical history (Tr. 412). Based on this evidence, the ALJ appropriately used his discretion as fact-finder to determine that plaintiff's statements about his limitations were not entirely credible. *See Mimms v. Heckler*, 750 F.2d 180, 186 (2d Cir. 1984).

Accordingly, upon consideration of the record as a whole, and in the absence of legal error by the ALJ, the court finds that the Commissioner's determination "rests on adequate findings supported by evidence having rational probative force," *Veino*, 312 F.3d at 586, and therefore must be upheld.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Item 11) is granted, and the case is dismissed.

The Clerk of the Court is directed to enter judgment in favor of the Commissioner, and close the case.

So ordered.

    \s\ John T. Curtin

    JOHN T. CURTIN

    United States District Judge

Dated:    February 25, 2014